ELIZABETH BENEDETTA DELMONTE, as Administratrix, etc., of ANTHONY J. DELMONTE, Deceased, Respondent, v. VIVIAN LA FOUNTAIN and HERMAN LA FOUNTAIN, Appellants.— Appeal from a judgment of the Supreme Court, Clinton county, entered May 27, 1937, on the verdict of a jury. On September 1, 1935, the defendant Herman La Fountain and three others were riding southerly in an automobile at the village of Champlain, Clinton county, the vehicle being operated by the above-named defendant and owned by the defendant Vivian La Fountain. The driver was proceeding down a grade toward a point where two roads came together in the form of a Y, and then proceeded across a nearby bridge. At the foot of the descent a right turn was necessary to cross the bridge. The driver failed to make the turn completely, failed to remain on the driveway of the road, and drove the car to the wrong side of the road and over against a concrete abutment, and thereby caused the death of the plaintiff's intestate. The deceased left him surviving a father and mother, and the jury rendered a verdict in the sum of $6,000. The appellants defended on the grounds that the driver was not negligent, and, if he were, the deceased also was negligent; and on the grounds that the verdict was excessive and that errors were committed in the reception of evidence. The evidence was sufficient to justify the jury in finding the negligence of the driver, and that the negligence of the intestate was not established. The appellants contend that the court erred in receiving in evidence photographs of the highways and bridge showing a " stop " sign at the foot of the descent, on the ground that there was no proof that the " stop " sign was present at the time of the accident. There was evidence from which the jury could infer that the " stop " sign was there long before the accident; and its presence was not an important element in view of the fact that all of the parties were familiar with the place. We see no reason to disturb the verdict on the ground of reception of the evidence as improper. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.